# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3285

_____

United States of America,

            Appellee,

v.

Randall Lee Gamble,

            Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: November 6, 2002

Filed: November 12, 2002

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Randall Lee Gamble challenges his conviction and sentence for conspiring to distribute methamphetamine, conspiring to launder drug proceeds, and being a felon in possession of a firearm. On appeal, Gamble argues his guilty plea was not voluntary because the indictment was defective and because the district court[*] did not conduct the plea hearing in conformity with Federal Rule of Criminal Procedure 11; he did not receive notice his sentence could be statutorily enhanced; the district court

_____

[*]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

used a stale conviction as a basis for applying the career-offender Guideline; and the Attorney General had improperly changed the designation of methamphetamine from a Schedule III to a Schedule II controlled substance. We reject these arguments.

First, although a specific drug quantity was not charged in the indictment, Gamble's 290-month sentence is less than the 360-month maximum allowable under 21 U.S.C. § 841(b)(1)(C), based on an earlier felony drug conviction and without reference to drug quantity, and thus does not violate Apprendi v. New Jersey, 530 U.S. 466 (2000), see United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.), cert. denied, 531 U.S. 1026 (2000); and the money-laundering count set forth all the elements of the charging statutes as required by Federal Rule of Criminal Procedure 7(c)(1). Second, the record shows the district court conducted the plea hearing under Rule 11: it specifically reviewed the indictment with Gamble, he affirmed he understood what he was charged with, and he described and affirmed his involvement in the charged conduct. See Fed. R. Crim. P. 11(c), (f). Third, as noted in the plea agreement Gamble signed, the government filed a 21 U.S.C. § 851 information giving notice of an increased penalty based on Gamble's past felony drug conviction. Fourth, the conduct underlying the charged offenses began within fifteen years of Gamble's release from prison on an earlier conviction, and thus the conviction could be counted for purposes of calculating Gamble's criminal history. See U.S.S.G. § 4A1.1, comment. (n.1). Finally, Congress has given the Attorney General authority to transfer drugs from one schedule to another regardless of the drug's initial placement. See 21 U.S.C. §§ 811(a)(1), 812(c).

We thus affirm Gamble's convictions and sentences.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-